*In re* Walker, *Petitioner.*

---

*In the matter of the Petition of* ARISTA WALKER *for a Writ of Habeas Corpus.*

STRAY LAW, *Violation of—Costs against Complaining Witness.* In an action before a justice of the peace, in which the defendant is charged with violating ¶ 6707 of the General Statutes of 1889, the complaining witness cannot be adjudged to pay the costs and be imprisoned for failure to do so, as is provided in ¶ 5441, id.

MEMORANDUM.—Original application by Arista Walker for a writ of *habeas corpus.* Granted June 4, 1895. Opinion filed June 5, 1895.

The statement of the case, as made by DENNISON, J., is as follows :

Arista Walker petitioned for a writ of *habeas corpus,* as follows :

" Your petitioner represents that one Arista Walker is unlawfully restrained of his liberty by T. J. Allen, sheriff of Bourbon county, Kansas, in the jail of said county ; that the pretended cause of such restraint is a commitment issued by F. C. Coryell, a justice of the peace, directing said Allen to hold said Walker till costs amounting to $18.60 are paid by said Walker. The illegality of such restraint consists in this, to wit : That the said F. C. Coryell had no authority under the law to assess the costs against Walker and commit him for non-payment of same, as the action was one brought for a violation of the stray law, and in which Arista Walker was a complaining witness. Wherefore your petitioner prays that a writ of *habeas corpus* may issue to the end that said Arista Walker may be discharged from such illegal restraint."

The sheriff made due return as follows :

" Now comes T. J. Allen, sheriff of Bourbon county, Kansas, and answers the writ of *habeas corpus* herein, and says : ·

" 1. I am the sheriff of said county. As such sheriff, I am *ex-officio* keeper of the county jail of said county. I am restraining the petitioner of his liberty by virtue of a commitment issued by F. C. Coryell, one of the regularly-elected, qualified and acting justices of the peace in and for the city of Fort Scott, Kas. Said commitment is in all points regular and in conformity with law, and fully authorizes me to imprison the petitioner. The following is a true copy of said commitment :

'In justice's court, before F. C. Coryell, J. P., Fort Scott, Bourbon county, Kansas.

THE STATE OF KANSAS *v.* M. W. GILMORE.    *Commitment.*

'WHEREAS, the above-entitled action was this day tried before me, and the defendant found innocent of the offense charged; and where-

as, I also find that the complaint was made by A. Walker herein without probable cause, this is therefore to command R. F. Walters, constable of said city, that he take the body of Arista Walker and commit him to the county jail of said county until said costs are paid. And this is also to command the jailer of said jail to receive and safely keep said A. Walker according to the commands of this writ.

'WITNESS my hand at Fort Scott this 23d day of May, 1895.

F. C. CORYELL, *Justice of the Peace.*

'I hereby certify this to be a true copy of the original.— R. F. WALTERS, *Constable.*'

"2. Further answering, said sheriff says : Said petitioner was complaining witness in a prosecution against one Gilmore, who was charged by petitioner before said justice with a violation of ¶ 6707, General Statutes of 1889, by selling and disposing of a stray before the title was vested in said Gilmore. On the trial of said Gilmore, and upon the evidence produced by the petitioner on behalf of the state of Kansas, including his own testimony, the justice found said Gilmore not guilty, and also found that the prosecution had been begun by said Walker without probable cause, and so entered the finding on his docket. The evidence upon which the finding was made was to the effect that the said colt was in the pasture of the said Gilmore ; that Gilmore had given rope to a couple of small boys and told them to take the colt away and keep it until its owner called for it. That was all the 'selling or disposing' that was shown by the evidence, and the testimony was undisputed. Thereupon said justice adjudged that the costs should be paid by the complaining witness, A. Walker, and so entered an order upon his docket, and further ordered that said Walker be committed to the county jail until said costs were paid, in compliance with ¶ 5451, General Statutes of 1889. On this order the commitment which I hold was issued.

"3. On May 24, 1895, a writ of *habeas corpus* was obtained from the probate court of Bourbon county, Kansas, upon identically the same grounds laid in the petition herein, and on said date, after a full hearing, the said probate court rendered judgment in favor of the sheriff, and remanded said Walker to the county jail. The said sheriff here returns the writ of *habeas*

*corpus* with this answer, and alleges that he has full authority under the judgment of said justice of the peace, the judgment of the probate court of Bourbon county, Kansas, and under the commitment heretofore set out, to restrain said petitioner of his liberty.

"Wherefore, having fully answered, the sheriff asks that the petitioner be remanded to his custody and that there be judgment rendered against the petitioner, A. Walker, for the costs in this behalf expended."

*Prichard & Shepard,* for petitioner.

*C. E. Cory,* county attorney, for the sheriff.

The opinion of the court was delivered by

DENNISON, J.: The petitioner in this case was the complaining witness against one Gilmore for having violated ¶ 6707 of the General Statutes of 1889. Upon the trial of the case of The State *v.* Gilmore, the justice trying the same found that Gilmore was not guilty, and that the prosecution by said Walker was without probable cause, and said justice thereupon adjudged that the costs should be paid by said complaining witness, this petitioner, and ordered him committed to the county jail until said costs were paid, in compliance with ¶ 5441, id.

Paragraph 6707, id., is one of the sections of the stray law of this state, and reads as follows:

"If any person shall sell or dispose of any stray or take the same out of this state before the title shall have vested in him, he shall forfeit and pay to the county double the value of such stray, and may also be punished by fine not to exceed $20, and imprisonment in the county jail not to exceed 30 days."

Paragraph 6710, id., reads as follows:

"Justices of the peace, in their respective counties, shall have jurisdiction and take cognizance of all

actions for the violations of this article, and enforce all the penalties and fines against persons who may be held guilty of such violations. . . . .''

Paragraph 6711, id., reads as follows :

''Upon the affidavit of any citizen of the county wherein such strays may be held or so taken up being filed with any justice of the peace of the county, setting forth that any person, naming him, has disposed of any stray, or in any manner violated the provisions of this article, and describing the stray in full, said justice shall issue his summons and writ as is provided in civil cases, commanding the officer to take the stray into his possession and summon the persons who may have thus violated this article to appear and. answer, as is provided in cases of replevin.''

Paragraph 6712, id., reads as follows :

''All trials before a justice of the peace under this article, if demanded by the defendant, shall be by a jury of six competent men, to be selected as in civil cases, who shall, if they find the defendant guilty, assess the fine to be paid by him or the imprisonment to be inflicted, subject to an appeal as in civil cases.''

Paragraph 6713 provides what the judgment shall be. The law is complete within itself, and provides its own mode of procedure, and while ¶ 6707 provides for a fine and imprisonment, the proceedings to obtain such a judgment cannot be had under the criminal code. Paragraph 6711 fully provides the method of procedure upon the filing of the affidavit of any citizen :

'' The justice shall issue his summons and writ, as is provided in civil cases, commanding the officer to take the stray into his possession and summon the person who may have thus violated this article to appear and answer, as is provided in cases of replevin.''

And ¶ 6712 provides that the jury shall '' be selected as in civil cases.'' The code of procedure before jus-

tices of the peace in misdemeanors provides that, upon the filing of a complaint, the justice shall issue a warrant for the arrest of the person complained against. It also provides the manner in which the jury shall be selected. The justice of the peace in this case has attempted to hold this petitioner under ¶ 5451, id., which reads as follows :

"Whenever the defendant tried under the provisions of this act shall be acquitted, he shall be immediately discharged, and if the justice or jury trying the case shall state in the finding that the complaint was malicious or without probable cause, the justice shall enter judgment against the complainant for all costs that shall have accrued in the proceedings had upon such complaint, and shall commit such complainant to jail until such costs be paid, unless he shall execute a bond to the state in double the amount thereof, with security satisfactory to the justice, that he will pay such judgment within 30 days after the date of its rendition."

This the justice has no right to do. The defendant, Gilmore, was not tried under the provisions of this act, which is chapter 83, entitled "An act regulating the jurisdiction and procedure before justices of the peace in cases of misdemeanor." It will be noticed that the wording of ¶ 5451 is not "whenever the defendant tried for misdemeanor shall be acquitted," but it is "whenever the defendant tried under the provisions of *this act* shall be acquitted." The defendant was not tried under the provisions of chapter 83 of the code of procedure before justices of the peace in misdemeanors, but was tried under article 3 of chapter 105, relating to strays, and in this act there is no provision for taxing the costs against the complaining witness, or for making a finding that the complaint was malicious or without probable cause, or for imprisoning the complainant for non-payment of costs.

The attorney for the respondent in this case raises the point that this petitioner has made application for a writ of *habeas corpus* before the probate judge of Bourbon county, Kansas, and the writ had been denied, and suggests the question of *res adjudicata.* This point is not well taken, and the petitioner has a right to apply to this court for a writ, although the same may have been denied by the probate judge.

It is the order of this court that the application be allowed, and that said respondent, T. J. Allen, sheriff, and keeper of the county jail of Bourbon county, restore said Arista Walker to liberty.

All the Judges concurring.